# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD MOORE, A-70777, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1056-JPG |
| ) | |
| GLADYSE TAYLOR, DAVID REDNOUR, ) | |
| MICHAEL ATCHISON, ) | |
| SARAH JOHNSON, SHERRY BENTON, ) | |
| LT. ASHBY, JASON VASQUEZ, ) | |
| JEANETTE COWAN, ) | |
| TRACY GRUBER-HARRINGTON, ) | |
| KRISTI ALLSUP, BARBARA MUELLER, ) | |
| JOHN DOE #1 AND #2, ) | |
| JOHN SHEPARD, M.D., ) | |
| N. YOUSUF, M.D., and ) | |
| ONE RADIOLOGY COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**Gilbert, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for incidents occurring at Menard. He is serving a life sentence for murder and several other felonies.

The Court hereby **GRANTS** Plaintiff's Motion to Amend Complaint (Doc. 6), and reviews the First Amended Complaint (Doc. 7) as the operative complaint in this matter. In the First Amended Complaint, Plaintiff states that Lt. Ashby and John Does #1 and #2 slapped him in the head in retaliation for Plaintiff's frequent filing of grievances to prison officials and elected officials (Doc. 7, pp. 9-10). Plaintiff further states that Defendants Shepard and Yousuf, medical doctors at Menard, along with Defendant One Radiology, acted with deliberate

indifference toward Plaintiff by failing to provide medical treatment for a gallstone (Doc. 7, pp. 10-11).

Plaintiff states that Defendants Atchison, Ashby, Johnson, Benton, Vasquez, Cowan, Harrington, Allsup and Mueller improperly ignored numerous grievances about his disciplinary hearing, subsequent segregation and conditions at Menard. Plaintiff had been found guilty of possessing dangerous contraband after a February 27, 2011, shakedown of his cell revealed a homemade weapon in his cellmate's property box (Doc. 7, p. 6). Plaintiff was given six months in segregation and lost 30 days of good conduct credits (Doc. 7, p. 8).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Ashby and Defendant John Does #1 and #2, Menard Correctional Officers, for excessive force (Count 1) and retaliation (Count 2). His claim against Defendants Shepard and Yousuf for deliberate indifference to his need for gallstone treatment (Count 3) shall also receive further review. However, because the claims in Count 3 are unrelated to the claims in Counts 1 and 2, Count 3 shall be severed into a separate case as outlined below.

Furthermore, Plaintiff fails to state a viable claim in Count 3 against Defendant One Radiology. Nor does he state a constitutional claim for the mishandling of his grievances (Count 4) or for improper placement in disciplinary segregation (Count 5). Accordingly, these claims shall be dismissed.

As to the allegations against Defendant One Radiology in Count 3, the Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case by being deliberately indifferent to Plaintiff's serious medical needs, only when it has a policy that creates

conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has not alleged that it was a policy or practice of One Radiology to deny information or treatment to inmates with Plaintiff's condition or to otherwise deny them health care. Defendant One Radiology shall be dismissed without prejudice.

In Count 4, Plaintiff names Defendants Taylor, Rednour, Atchison, Johnson, Benton, Vasquez, Cowan, Harrington, Allsup and Mueller as individuals to whom he addressed various grievances about his treatment and conditions at Menard. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff has not asserted that any of these individuals were personally responsible for the underlying actions of which he complains. Therefore, Count 4 shall be dismissed with prejudice.

Finally, Plaintiff claims in Count 5 that Defendants Taylor, Rednour, Atchison, Ashby, Vasquez, Allsup, Mueller, Cowan and Harrington submitted him to cruel and unusual punishment because he was placed in segregation illegally. The key question in such a claim is whether the inmate was afforded due process before being punished with segregation time. Here, Plaintiff denies having any connection to the weapon found in his cellmate's property box. However, Plaintiff was present in the cell at the time the weapon was found (Doc. 7, p. 6). Plaintiff does not claim that there were any irregularities in the conduct of the disciplinary hearing. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974) (to satisfy due process concerns, inmate must be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement of the reasons for

the discipline imposed). Further, although Plaintiff contests the evidentiary basis for the discipline imposed, it cannot be said that the committee's decision lacks any evidentiary support, based on the allegations in the operative complaint. *See Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994) (disciplinary decision must be supported by "some evidence"); *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007) (even a meager amount of supporting evidence is sufficient).

Because the complaint gives no indication that the disciplinary hearing process was flawed, the Court shall not inquire further into whether the conditions of Plaintiff's six-month segregation might have imposed upon him any "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009).

Plaintiff only briefly mentions the fact that he lost 30 days of good conduct credit as a result of this disciplinary infraction. He is advised that any federal court challenge to this revocation must be brought via a habeas corpus petition, not in a civil rights action, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004). Accordingly, Count 5 is dismissed without prejudice to Plaintiff bringing the good-conduct credit claim in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**<u>Severance of Claims</u>**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners

pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b) & (g). Plaintiff's complaint contains unrelated claims against different defendants: retaliation and excessive force claims against Lt. Ashby and John Does #1 and #2 (Counts 1 and 2), and deliberate indifference violations against Defendants Shepard and Yousuf (Count 3).

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count 3 of Plaintiff's complaint into a new case, according to the instructions below.

**Pending Motions**

Plaintiff's Motion to Amend Complaint (Doc. 6) is **GRANTED.** Plaintiff's Motion to hold case in abeyance (Doc. 8), Supplemental Motion to hold case in abeyance (Doc. 12) and Motion for Leave to File Supplement (Doc. 13) are all **DENIED** for failure to state any valid grounds as to why the Court should delay these proceedings. Plaintiff's Motion to Compel (Doc. 11) is **DENIED.** Plaintiff has thus far demonstrated the ability to file legal documents and pursue his claims in this Court, regardless of his statements claiming the necessity of additional materials to do so.

Plaintiff's motions for copies (Docs. 16 & 20) are also **DENIED.** Prison law library staff are to provide an inmate with one full copy of any document submitted for electronic filing, at or near the time the document is submitted. When the document is filed by the Clerk of Court, a Notice of Electronic Filing ("NEF") is generated. The inmate will receive a copy of the NEF along with the first page only of the filed document. This Court does not provide any other copies of documents filed through the electronic filing system. Copies of court documents are available at a cost of $.50 per page, which must be paid in advance. *See* 28 U.S.C. § 1914(b). The Clerk is **DIRECTED** to mail Plaintiff a copy of the docket sheet in this case. If Plaintiff

desires copies, he must request them in writing by document number and pre-pay the copying fee.

**<u>Disposition</u>**

  **IT IS HEREBY ORDERED** that **COUNT 4** is dismissed with prejudice. **COUNT 5** is dismissed without prejudice to Plaintiff bringing his good conduct credit claim in a properly filed habeas corpus proceeding after first exhausting his state court remedies. Defendants **TAYLOR, REDNOUR, ATCHISON, JOHNSON, BENTON, VASQUEZ, COWAN, HARRINGTON, ALLSUP, MUELLER,** and **ONE RADIOLOGY** company are **DISMISSED** from the action **without prejudice**. The Clerk is **DIRECTED** to correct the spelling of Defendant John Shepherd's name to **SHEPARD**, as it is spelled in the complaint.

  **IT IS FURTHER ORDERED** that Plaintiff's deliberate indifference claim (**COUNT 3**), which is unrelated to the retaliation and excessive force claims (**COUNTS 1 and 2**), is **SEVERED** into a new case. That new case shall be: Claim against **DEFENDANTS SHEPARD** and **YOUSUF** for deliberate indifference.

  The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

    (1) This Memorandum and Order
    (2) The Original Complaint (Doc. 1)
    (3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

  Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly opened case, he must notify the Court in writing on or before **February 22, 2013**. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he will be responsible for an additional $350.00 filing fee in the new case.

**IT IS FURTHER ORDERED** that the only claims remaining in this action are **COUNTS 1 and 2** against **Defendant ASHBY** and **Defendants JOHN DOE #1** and **JOHN DOE #2** for excessive force and retaliation. This case shall now be captioned as: **MOORE, Plaintiff, vs. ASHBY, JOHN DOE, #1 and JOHN DOE, #2, Defendants.** Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

The Clerk of Court shall prepare for Defendant **ASHBY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on

which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 15, 2013**

                                              s/J. Phil Gilbert
                                              **United States District Judge**