IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD MOORE, # A-70777,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1056-JPG-PMF |
| ) | |
| **LT. ASHBY** ) | |
| **and JOHN DOE #1 AND #2,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's timely motion to reconsider in part the Memorandum and Order of January 15, 2013 (Doc. 27), which severed Plaintiff's deliberate indifference claims against Defendants Shepard and Yousuf (designated as Count 3) into a separate action (Doc. 21). Plaintiff was given until February 22, 2013, to inform the Court if he did not wish to pursue the severed case, now docketed as *Moore v. Shepard, et al.*, Case No. 13-cv-150-JPG. The motion to reconsider states that Plaintiff does not wish to incur an additional filing fee. However, rather than dismiss the severed claims against Defendants Shepard and Yousuf, he asks to abandon his claims against Defendant Ashby in the instant case (Count 1 for excessive force, and Count 2 for retaliation), and proceed only on Count 3 against Defendants Shepard and Yousuf. The Court understands Plaintiff's motion to mean that by abandoning his claims against Defendant Ashby, Plaintiff also wishes to drop the same claims (Counts 1 and 2) against the John Does #1 and #2 (Menard Correctional Officers) he named in the operative complaint. Plaintiff further requests that his claims against Defendants Shepard and Yousuf proceed in the original case rather than in the severed case.

In addition, Plaintiff requests another 30 days in which to amend his complaint in the instant case to include only Defendants Shepard and Yousuf and John Does 1, 2, and 3 (Doc. 27, p. 3).  On February 19, 2013, the Clerk of Court received a new complaint from Plaintiff against Defendants Shepard, Yousuf, and John Does 1, 2, and 3, which was filed under Case No. 13-cv-167-MJR as a new action.  Plaintiff did not include any case number on this pleading.  Upon further review, it became apparent that this document was intended by Plaintiff to be his amended complaint against these Defendants.  Therefore, no extension of time is necessary, and the new pleading shall be filed as Plaintiff's First Amended Complaint against Defendants Shepard, Yousuf, and John Does 1, 2, and 3.

Accordingly, the motion to reconsider (Doc. 27) is **GRANTED IN PART.**  Plaintiff's claims against Defendants Shepard and Yousuf shall go forward, but shall remain in the severed case (No. 13-cv-150-JPG) for the administrative convenience of the Court.  All claims remaining in the instant case (No. 12-cv-1056-JPG-PMF against Defendants Ashby and John Does #1 and #2) are **DISMISSED** without prejudice at Plaintiff's request.  See FED. R. CIV. P. 41(a)(1)(A)(i).

**No filing fee shall be assessed in this case**, and any fee payments which may be received for Case No. 12-cv-1056-JPG-PMF shall instead be credited toward the filing fee for *Moore v. Shepard, et al.*, Case No. 13-cv-150-JPG.  The Order at Doc. 19 for payment of the filing fee in this case (No. 12-cv-1056-JPG-PMF) is **VACATED**.  No monies shall be collected from Plaintiff's prison trust fund account for Case No. 12-cv-1056-JPG-PMF.

Plaintiff's request for an extension of 30 days in which to amend his complaint is **DENIED AS MOOT.**

Plaintiff is **ADVISED** that in the future, any documents to be filed in his case, now captioned as *Edward Moore v. John Shepard, et al.*, Case No. 13-cv-150-JPG, must include the

proper case number.

The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

The Clerk is **DIRECTED** to **CLOSE THIS CASE.**

The Clerk is further **DIRECTED** to docket a copy of this order in *Moore v. Shepard, et al.*, Case No. 13-cv-150-JPG.

**IT IS SO ORDERED.**

**DATED:   February 25, 2013**

s/J. Phil Gilbert
**United States District Judge**