IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD MOORE, # A-70777, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-150-JPG |
| ) | |
| JOHN SHEPARD, ) | |
| M. YOUSUF, and JOHN DOES #1, #2, ) | |
| and #3, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. This case was opened pursuant to this Court's Memorandum and Order of January 15, 2013 (Doc. 1). Plaintiff was given until February 22, 2013, to inform the Court if he did not wish to pursue this severed case. In a motion to reconsider filed in the originating case (*Moore v. Ashby, et al.*, Case No. 12-cv-1056-JPG-PMF), Plaintiff stated that he wished to go forward only with the claims in the instant case, and abandon the claims in Case No. 12-cv-1056-JPG-PMF. That motion has been granted in part (*See* Doc. 8), and the originating case has been closed.

Further, Plaintiff has submitted his First Amended Complaint, filed herein as Doc. 6. His allegations against Defendants Shepard and Yousuf are identical to those included in the original operative complaint (Doc. 1). His only apparent modification is the addition of the three John Doe Defendants. However, he does not describe any specific actions taken by these John Doe Defendants which constituted deliberate indifference to his serious medical needs. He merely includes them in his summary statements and notes that they gave him Tylenol, Ibuprofen and "gas pills" which did not relieve the pain he was suffering from his gallstone (Doc. 6, p. 10).

This alone is not enough to state a deliberate indifference claim against the John Doe Defendants. Therefore, they shall be dismissed from the action at this time, but without prejudice to their inclusion in a future amended complaint if further investigation reveals a factual basis for a cognizable claim against them.

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) is **GRANTED.** Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 16.52**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order. Any payments which have already been transmitted toward the filing fee for Case No. 12-cv-1056-JPG-PMF shall instead be credited toward the fee owed for the instant case.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at Menard Correctional Center upon entry of this Order.

Plaintiff's motion for extension of time (Doc. 5) is **DENIED AS MOOT**, as his pending motion to reconsider in Case No. 12-cv-1056-JPG-PMF has been granted in part.

The **JOHN DOE DEFENDANTS #1, #2, and #3,** are **DISMISSED** without prejudice for failure to state a constitutional claim against them in the First Amended Complaint (Doc. 6).

In order for Plaintiff's deliberate indifference claims to proceed against the remaining Defendants, the Clerk of Court shall prepare for Defendants **SHEPARD** and **YOUSUF**: (1)

Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 6), a copy of the Memorandum and Order at Doc. 1, a copy of the Memorandum and Order at Doc. 8, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**
    **DATED: February 28, 2013**

                                                  s/J. Phil Gilbert
                                                **United States District Judge**