UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD MOORE,

      Plaintiff,

  v.

JOHN SHEPARD, N. YOUSUF and JOHN
DOES 1, 2 and 3,

      Defendants.

Case No. 13-cv-150-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 155) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motions for summary judgment filed by defendants John Shepard and N. Yousuf (Docs. 120 & 126). Plaintiff Edward Moore has objected to the Report (Doc. 156).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Amended Complaint, Moore, an inmate at Menard Correctional Center ("Menard"), complains that Shepard and Yousuf, two doctors involved in his medical care while he had a gallstone, were deliberately indifferent to his serious medical needs. In the Report, Magistrate Judge Frazier concluded that no reasonable jury could find Shepard, who worked as a doctor at Menard, was deliberately indifferent to Moore's needs because the evidence did not show his

responses to Moore's needs were a significant departure from accepted professional standards. Magistrate Judge Frazier further found that Yousuf, who worked for a private imaging group that provided radiology services to Wexford Health Sources, the company with which the Illinois Department of Corrections contracted to provide medical services in its prisons, was not acting under color of state law and therefore was not liable under § 1983.   In conjunction with these findings and recommendations, Magistrate Judge Frazier found that, although he granted Moore's motion for appointment of counsel, he was unable to recruit a volunteer attorney after numerous efforts and was without authority to appoint counsel.   In his objection, Moore argues the Court should have appointed counsel for him in this case.   The Court reviews this aspect of the Report *de novo*.

The Court notes that Magistrate Judge Frazier contacted 250 attorneys admitted to practice in this district and was not able to recruit a single volunteer among them.   This is all the Court is empowered to do; it cannot force an attorney to represent a litigant *pro bono*.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013) ("[T]here is no statutory authority to 'appoint' counsel in litigation under §1983. . . .   All a district court can do is seek a volunteer."). The Court could not have appointed counsel for Moore as he claims it should have.

Furthermore, in retrospect, the Court believes the presence of counsel would not likely have made a difference in the disposition of the pending summary judgment motions.   The relevant law as set forth in the Report is correct, and the Court need not repeat it here.   As for Magistrate Judge Frazier's conclusions about Shepherd, the documentary evidence shows that in August 2011, after reviewing an essentially normal x-ray, Shepherd did not recognize Moore's back pain as a serious medical ailment or as connected with a gallstone.   Then in September 2011,

Shepherd reassessed Moore's back pain in light of his history of a fall in February 2011 and renewed a prescription originally written by another doctor for pain and muscle relaxation medication.   Several months later in November 2011, after Moore complained of abdominal pain, an x-ray revealed Moore had a gallstone.   In June 2012, Shepherd renewed Moore's prescriptions originally written by another doctor for pain medication and an antacid.   Moore never saw Shepherd for his gallstone or for abdominal pain.   Even if Moore had had counsel, it is unlikely in light of the objective medical records and Moore's deposition testimony that counsel could have extracted evidence of Shepherd's deliberate indifference to his gallstone as opposed to mere negligence or a difference of medical opinion.

   As for Yousuf, the evidence shows he read Moore's x-rays in February 2011 at his own office after being informed that Moore was complaining of tenderness in his back, but he never saw Moore in person.   Yousuf found the x-rays of Moore's back to be essentially normal but did not recognize a "ball" on one of the x-rays as a gallstone.   He read these x-rays as a private physician in his own office without ever having seen Moore or visited the prison and not under contract with the state or supervised by any state authority.   It is not clearly established that in such a situation the doctor would be acting under color of state law, a requirement for § 1983 liability, *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980).   *See, e.g., Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 797-98 (7th Cir. 2014) ("[M]edical providers who have 'only an incidental or transitory relationship' with the penal system generally are not considered state actors.").   It is unlikely the presence of an attorney for Moore would have been able to show any additional facts connecting Yousuf with the state or that it was clearly established that Yousuf was acting under color of state law in the circumstances.

As to the other aspects of the Report, the Court finds they are not clearly erroneous and will therefore adopt them.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 155);

- **GRANTS** the motions for summary judgment filed by defendants John Shepherd and N. Yousuf (Docs. 120 & 126); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   August 26, 2015**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**